IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50616
Conference Calendar
_____

CARLOS RIVAS,

                                        Petitioner-Appellant,

versus

JAMES E. SLADE, Warden,
FCI La Tuna,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CV-78
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

    Carlos Rivas, federal prisoner # 27808-077, appeals from the district court's dismissal without prejudice of his 28 U.S.C. § 2255 motion for lack of jurisdiction. He argues, among other things, that his narcotics conviction was in error because the evidence was not sufficient to support the jury's verdict and because the district court was without jurisdiction over his

_____

    [*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case.  Because the only court with jurisdiction to hear a prisoner's collateral attack under § 2255 on his conviction and sentence is the court that sentenced him -- in Rivas's case the district court for the Northern District of Texas -- the district court below, the Western District of Texas, did not err by dismissing Rivas's § 2255 motion for lack of jurisdiction.  <u>See</u> <u>Ojo v. I.N.S.</u>, 106 F.3d 680, 683 (5th Cir. 1997); <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir 1987).  Accordingly, the district court's judgment is AFFIRMED.  Rivas's "Motion to Transfer Jurisdiction" is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.